UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA G. SHORT, | No. 2:15-cv-1174-EFB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons that follow, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I. BACKGROUND

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that she had been disabled since April 15, 2009. Administrative Record ("AR") 151-168. Plaintiff's applications were denied initially and upon reconsideration. *Id.* at 94-103, 107-111. On October 10, 2013, a hearing was held before administrative law judge ("ALJ") David M. Blume. *Id.* at

1

23-43. Plaintiff was represented by a non-attorney at the hearing, at which she and a vocational expert testified. *Id.*

On December 20, 2013, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 9-18. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since April 15, 2009, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

* * *

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant has the following severe impairments: cervical and lumbar degenerative disc disease, thoracic fracture, depression, anxiety, and social phobia (20 CFR 404.1520(c) and 416.920(c)).

   * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

   * * *

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, or crawl.  She cannot climb ladders, ropes, or scaffolds.  She should not work around hazards.  She can perform simple, repetitive tasks.  She can occasionally interact with the public, co-workers, and supervisors.

   * * *

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

   * * *

7. The claimant was born on April 24, 1964 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

    * * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 15, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 11-18.

Plaintiff's request for Appeals Council review was denied on April 1, 2015, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-4.

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

The sole issue before the court is whether the ALJ provided legally sufficient reasons for rejecting the opinion of plaintiff's examining physician. ECF No. 12 at 5-9. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester*, 81 F.3d at 834. Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the

1   opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical
2   professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a
3   contradicted opinion of a treating or examining medical professional may be rejected for "specific
4   and legitimate" reasons that are supported by substantial evidence. *Id*. at 830. While a treating
5   professional's opinion generally is accorded superior weight, if it is contradicted by a supported
6   examining professional's opinion (e.g., supported by different independent clinical findings), the
7   ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing
8   *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining
9   physician relies on the same clinical findings as a treating physician, but differs only in his or her
10  conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v.
11  Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

12  Plaintiff underwent a comprehensive mental evaluation, which was performed by Dr. Sid
13  Cormier, Ph.D., an examining physician. AR 291-295. Dr. Cormier diagnosed plaintiff with
14  social phobia, generalized anxiety disorder, and major depressive disorder, recurrent, moderate.
15  *Id*. at 294. Dr. Cormier opined that plaintiff was moderately to seriously limited in performing
16  simple and repetitive tasks as well as complex and detailed tasks, maintaining regular attendance,
17  performing simplistic work activities on a constant basis, completing a normal workday or work
18  week work without interruptions, and interacting with coworkers and the general public. *Id*. at
19  294. Dr. Cormier further opined that plaintiff was moderately impaired in her ability to deal with
20  typical stress she may encounter in a competitive work situation. *Id*.

21  The record also contains opinions from two non-examining physicians, both expressing
22  the opinion that plaintiff's mental impairments were not severe. AR 59-60, 86-87.

23  In assessing plaintiff's mental impairments, the ALJ gave little weight to the opinion of
24  Dr. Cormier. Because Dr. Cormier's examining opinion was contradicted by other medical
25  opinions, the ALJ was required to provide specific and legitimate reasons for according it reduced
26  weight. *Lester*, 81 F.3d at 830.

27  The ALJ provided a single reason for giving little weight to Cormier's opinion: "it appears
28  to be based primarily upon the claimant's subjective allegations, which as discussed above are not

entirely credible."[2]  AR 16.  The opinion of a treating physician may be rejected where it is premised primarily on plaintiff's subjective complaints and the ALJ properly discounted plaintiff's credibility.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  However, an ALJ does not provide sufficient "reasons for rejecting [a] physician's opinion by questioning the credibility of the [plaintiff's] complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."  *Ryan v. Comm'r of Soc. Sec. Admin*, 528 F.3d 1194, 1200-01 (9th Cir. 2008).

There is no dispute that Dr. Cormier relied, at least to some degree, on plaintiff's subjective complaints.  *See generally* AR 291-295.  However, his report also establishes that he relied on objective findings to support his opinion.  For example, during the evaluation Dr. Cormier observed that plaintiff "appeared to be in significant physical discomfort and demonstrated both verbal and nonverbal behavior consistent with her self-appraised pain rating . . . ."  AR 291.  He also noted that plaintiff appeared to be in significant psychological distress and exhibited behavior consistent with at least moderate anxiety.  *Id*. at 292.  Mental status examination revealed that plaintiff's mood was moderately depressed and she was anxious with an appropriate quality of affect.  *Id*. at 293.

Significantly, Dr. Cormier stated that his opinion and diagnosis of social phobia, major depressive disorder, and generalized anxiety disorder were based on structured diagnostic interviewing, historical information, behavioral observations, and plaintiff's self-reports.  *Id*. at 292, 294-295.  Furthermore, he "discerned no indications of malingering, symptom exaggeration, or symptom minimization."  *Id*. at 292.

Thus, Dr. Cormier supported his opinion with objective findings, and there is no basis for the ALJ's conclusion that Dr. Cormier relied primarily upon claimant's subjective allegations.  For that reason the ALJ's sole basis for rejecting this examining opinion was legally insufficient.

/////

/////

---

[2]  Plaintiff does not challenge the ALJ's credibility finding.

Accordingly, this matter must be remanded for further consideration of plaintiff's mental impairments. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

IV.  CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: September 27, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE